**E-Filed 4/22/2010**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREESCALE SEMICONDUCTOR, INC.<br><br>Plaintiff,<br><br>v.<br><br>CHIPMOS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 09-3689-JF (PVT)<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND TO STAY LITIGATION OF PATENT-RELATED ISSUES<br><br>[re: document nos. 9] |

Plaintiff moves to dismiss Defendant's counterclaims and to stay litigation of all patent-related issues pending resolution of the parties' dispute over enforceability of an immunity agreement between them. The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on March 5, 2010. For the reasons discussed below, the motion will be granted in part and denied in part.

**I. BACKGROUND**

Plaintiff Freescale Semiconductor, Inc. ("Freescale") seeks to enforce its Immunity

---

[1] This disposition is not designated for publication in the official reports.

Case No. C09-3689-JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS ETC.
(JFEX1)

Agreement ("the Agreement") with Defendant ChipMOS Technologies, Inc. ("ChipMOS"). Freescale seeks royalty payments that it claims ChipMOS was obligated to make under the Agreement. ChipMOS denies that royalties are owed and asserts counterclaims for a judicial declaration that United States Patent Nos. 5,776,798 ("the '798 patent"), 6,467,743 ("the '743 patent"), and 5,385,869 ("the '869 patent") are invalid and not infringed by certain ChipMOS products.

ChipMOS and Motorola, Inc. entered into the Agreement effective April 1, 1999. Complaint ¶ 6. The Agreement was assigned to Freescale on September 1, 2005. Complaint ¶ 8. The Agreement effectively cross-licensed patents covering ball grid array ("BGA") package technology. Complaint Ex. A. The Agreement granted both ChipMOS and Freescale immunity from suit under each other's patents covering BGA packages. *Id.* The Agreement did not refer to any patents specifically . Rather, the Agreement defined the relevant patents as patents owned by either party "relating to BGA PACKAGEs and enhancements thereto". Complaint Ex. A §§ 1.5 and 1.6. The Agreement provided its own definitions of "BGA PACKAGE" and several other related terms. Complaint Ex. A §§ 1.2- 1.4. The Agreement also required ChipMOS to make royalty payments to Freescale based on its sales of "BGA PACKAGEs". Complaint Ex. A at §§ 4.1-4.2.

In March of 2006, an independent audit led Freescale to believe that ChipMOS owed royalty payments for ChipMOS's FBGA products. Complaint ¶ 15 and Chastain Decl. Ex. E. ChipMOS disputes that the Agreement required payment of royalties for the FBGA products. ChipMOS requested confirmation that Freescale owned patents that covered the FBGA products. Shen Decl. Ex. 2. In response, Freescale provided claim charts for the '869 and the '798 patents. Shen Decl. Ex. 3. Freescale also provided a claim chart for Taiwanese Patent NI-100956. *Id.*

Freescale informed ChipMOS that it considered failure to pay royalties for FBGA products to be a material breach of the Agreement. Shen Decl. Ex. 5. ChipMOS did not make payment within forty-five days of that notice, and Freescale exercised its right to terminate the Agreement. Chastain Decl. Ex. J. Freescale filed suit in California state court seeking damages for ChipMOS's breach of the Agreement. ChipMOS removed the action to this Court and filed

its counterclaims.

## II. MOTION TO DISMISS

**A.   Legal Standard**

The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations" of the litigants in "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). An "actual controversy" under the Declaratory Judgment Act is a matter that is a case or controversy under Article III of the Constitution. *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007). "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007)

"Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation and citation omitted). *See also Prasco, LLC v. Medicis Pharmaceutical Corp.* 537 F.3d 1329, 1338 (Fed. Cir. 2008) (considering the totality of the circumstances when examining the issue of a justiciable controversy).

On a motion to dismiss, the Court may consider the facts as alleged in the complaint and the counter-complaint, as well as the unopposed declarations submitted in support of or in opposition to the motion to dismiss. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 121 (2007) (finding that "[b]ecause the declaratory-judgment claims in this case were disposed of at the motion-to-dismiss stage, we take the following facts from the allegations in petitioner's amended complaint and the unopposed declarations that petitioner submitted in response to the motion to dismiss").

**B.   Discussion**

Freescale contends that ChipMOS has not demonstrated the existence of a substantial controversy with respect to the patents in suit. As interpreted by Freescale, the Agreement calls

3

1  for a total sales royalty.  Freescale argues that it is not asserting any patent against ChipMOS in
2  seeking royalties under the Agreement, and points out that the Agreement provides its own
3  definition of BGA packages.   Freescale contends that royalties are owed for products that meet
4  that definition, irrespective of any patent-related issues.  However, under ChipMOS's
5  interpretation of the Agreement, royalties are due only if the FBGA products infringe a patent
6  held by Freescale.
7       The Court concludes that there is a substantial, immediate, and real controversy regarding
8  the interpretation of the Agreement.  Depending upon the interpretation of the Agreement, there
9  may or may not be an actual controversy regarding the patents in suit.  In the exercise of its
10 inherent power to manage its dockets and stay proceedings, *see Ethicon, Inc. v. Quigg*, 849 F.2d
11 1422, 1426-1427 (Fed. Cir. 1988) (citing *Landis v. North American Co.*, 299 U.S. 248, 254
12 (1936)), the Court will stay patent related discovery pending judicial interpretation of the
13 Agreement, which cannot occur until the record is more fully developed.  At that point,
14 ChipMOS will have the burden "to establish that jurisdiction existed at the time the claim for
15 declaratory relief was filed and that it has continued since."  *Benitec*, 495 F.3d at 1344.
16      Good cause therefor appearing, Plaintiff's motion is granted in part and denied in part as
17 set forth above.
18
19 IT IS SO ORDERED.
20
21 DATED:  4/15/2010
22                                          _____
                                            JEREMY FOGEL
                                            United States District Judge

Case No.  C09-3689-JF (PVT)
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS ETC.
(JFEX1)