**\*\*E-Filed 3/30/3012\*\***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FREESCALE SEMICONDUCTOR,<br><br>    Plaintiff,<br><br>    v.<br><br>CHIPMOS TECHNOLOGIES,<br><br>    Defendant. | Case No. 5:09-cv-03689-JF<br><br>ORDER[1] GRANTING IN PART CHIPMOS'S MOTION FOR RECONSIDERATION<br><br>[re: dkt. entry 161] |

Defendant/Counterclaimant ChipMOS Technology, Inc. ("ChipMOS") seeks reconsideration of orders issued by the Court on August 3, 2010 and September 8, 2011. Plaintiff/Counterdefendant Freescale Semiconductor, Inc. ("Freescale") opposes the motion. The Court has considered the parties' submissions and the record as a whole. For the reasons discussed below, the motion will be denied with respect to the August 2010 Order and granted in part with respect to the September 2011 Order.[2]

---

[1] This disposition is not designated for publication in the official reports.

[2] The Court concludes that the motion is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

Case No. 5:09-cv-03689-JF
ORDER GRANTING IN PART CHIPMOS'S MOTION FOR RECONSIDERATION

United States District Court
For the Northern District of California

## I. BACKGROUND

The orders in question interpret an Immunity Agreement ("the Agreement") entered into by ChipMOS and Freescale's predecessor-in-interest, Motorola, Inc. ("Motorola"). The Agreement provides that each party is immune from suit for infringement of the other's patents relating to ball grid array ("BGA") package technology. The Agreement requires ChipMOS to make royalty payments with respect to certain BGA packages that it makes and ships during a calendar quarter. Motorola assigned its rights and obligations under the Agreement to Freescale. In March 2006, an independent audit led Freescale to believe that ChipMOS owed royalty payments under the Agreement. Freescale notified ChipMOS that it considered failure to pay to be a material breach of the Agreement, but ChipMOS did not make payment. Freescale terminated the Agreement and filed suit in the Santa Clara Superior Court asserting a claim for breach of contract. On August 12, 2009, ChipMOS removed the action to this Court on the basis of diversity of citizenship, and it also filed counterclaims for breach of contract and for a judicial declaration that certain of Freescale's patents are invalid and not infringed by ChipMOS's products.

On April 22, 2010, this Court issued an order stating that "the Court will stay patent related discovery pending judicial interpretation of the Agreement, which cannot occur until the record is more fully developed." Dkt. Entry 34, April 22, 2010 Order at 4. On May 3, 2010, Freescale filed a motion for summary judgment as to the parties' competing claims for breach of the Agreement and as to ChipMOS's defense of patent misuse. *See* Dkt. Entry 38. In response, ChipMOS filed both substantive opposition and a request for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.[3] *See* Dkt. Entry 51. ChipMOS noted that virtually no discovery had been completed at that time, and it identified several outstanding discovery requests that it had propounded to Freescale. *See* Dkt. Entry 51-2, Mot. for Cont. at 2-5. ChipMOS also identified eight individuals whom it would seek to depose regarding issues relating to the alleged total-sales royalty provision of the Agreement. *Id*. at 6.

---

[3] Rule 56 subsequently was amended. Under the current version of that Rule, requests for a continuance are governed by subsection (d).

On August 3, 2010,[4] the Court issued an order granting ChipMOS's Rule 56(f) motion as to Freescale's alleged patent misuse and related issues and denying the motion as to interpretation of the Agreement. In the same order, the Court granted partial summary judgment in favor of Freescale with respect to ChipMOS's counterclaim for breach of contract, concluding that: the Agreement provides for a "total-sales royalty," i.e., a royalty based on the total sales of ChipMOS's BGA packages, irrespective of whether the specific BGA packages are covered by any patent; ChipMOS's products come within the scope of the Agreement; ChipMOS failed to make royalty payments; and thus ChipMOS cannot establish its own performance under the Agreement, a necessary element of its contract claim. The August 2010 Order left unresolved the validity of the Agreement in light of ChipMOS's counterclaim of patent misuse, as well as certain of ChipMOS's defenses to Freescale's claim for breach of contract.

The parties subsequently filed cross-motions for summary judgment as to the remaining issues, including Freescale's claim for breach of contract and ChipMOS's contract defenses. *See* Dkt. Entries 82, 100. On September 8, 2011, the Court issued an order concluding that ChipMOS had failed to demonstrate the existence of a triable issue of material fact as to any of its contract defenses and granting summary judgment for Freescale on its claim for breach of the Agreement. *See* Dkt. Entry 146.

ChipMOS seeks reconsideration of both the August 2010 Order and the September 2011 Order.

## II. LEGAL STANDARD

Interlocutory orders such as those at issue here "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

---

[4] The order of August 3, 2010 was filed under seal and does not appear on the public docket.

### III. DISCUSSION

**A.     August 2010 Order**

As is discussed above, ChipMOS sought a continuance with respect to Freescale's first motion for summary judgment based upon an asserted need to take discovery regarding the proper interpretation of the Agreement. Specifically, ChipMOS claimed that it needed to seek additional evidence as to whether the Agreement contained a total-sales royalty provision. The Court concluded that such discovery was unnecessary because the Agreement was unambiguous on its face. ChipMOS argues that this ruling was erroneous, citing among other cases the recent Federal Circuit decision *Powertech Technologies, Inc. v. Tessera, Inc.*, 660 F.3d 1301 (Fed. Cir. 2011). In *Powertech*, the circuit court reversed the district court's dismissal of a declaratory relief action, holding that "[i]n light of the fact that no discovery has been conducted, the district court's contract interpretation was clearly premature." *Id*. at 1309 n.7. The court noted that under applicable California law, "courts can consider evidence apart from the contract to explain the meaning of terms that are otherwise unambiguous." *Id*. ChipMOS argues that Illinois law, which controls here,[5] likewise provides for the admission of extrinsic evidence under the "doctrine of extrinsic ambiguity." *See Commonwealth Inc. Co. v. Titan Tire Corp.*, 398 F.3d 879, 885 (7th Cir. 2004) ("Under the doctrine of extrinsic ambiguity, a party may present evidence to show the existence of an ambiguity even though the contract appears clear on its face because, in certain situations, the real-world context shows that the contract does not actually mean what it appears to mean."). ChipMOS contends that in light of *Powertech,* this Court should not have interpreted the Agreement without first permitting ChipMOS to take discovery.

After reviewing the pleadings and other papers that were filed in connection with Freescale's first motion for summary judgment, as well as the applicable case law, the Court concludes that it did not err in denying ChipMOS's request for a continuance with respect to issues of contract interpretation. While Illinois law does embrace the doctrine of extrinsic ambiguity in some circumstances, the Illinois Supreme Court made clear in *Air Safety, Inc. v.Teachers Realty Corp*,185

---

[5] The Agreement provides that it is to be construed under Illinois law.

Ill.2d 457 (1999), that the doctrine does not apply to integrated contracts. In *Air Safety*, the court discussed traditional principles of contract interpretation requiring that the meaning of the contract be gleaned from the "four corners" of the document. *Id*. at 462. The court noted the existence of the extrinsic ambiguity doctrine, but it concluded that "the four corners rule precludes the consideration of extrinsic evidence where a contract contains an integration clause and is facially unambiguous." *Id*. It is undisputed that the Agreement at issue here contains an integration clause. This Court has concluded that the Agreement is unambiguous on its face. *See* August 2010 Order at 10. Accordingly, a continuance to allow ChipMOS to obtain extrinsic evidence as to the Agreement's meaning was not warranted, because any such evidence would have been inadmissible.[6] ChipMOS's motion for reconsideration therefore will be denied as to the August 2010 Order.[7]

**B.      September 2011 Order**

In addressing the parties' second round of summary judgment motions, the Court considered ChipMOS's assertion that Freescale impermissibly "conditioned" the Agreement upon ChipMOS's payment of royalties on BGA packages that do not use the teaching of the subject patents. The Court concluded that ChipMOS had failed to raise a triable issue as to whether such conditioning in fact occurred. *See* Sept. 2011 Order at 5. ChipMOS asserts that this conclusion was erroneous.

---

[6] In its reply brief, ChipMOS asserts that even after *Air Safety,* Illinois law permits consideration of extrinsic evidence despite an integration clause in the contract. However, no case cited by ChipMOS holds that Illinois law permits a court to consider extrinsic evidence when the contract in question is integrated and facially unambiguous, and a number of courts have held to the contrary. *See, e.g.*, *In re Montgomery Ward & Co., Inc.*, 428 F.3d 154, 162 n.18 (3rd Cir. 2005) ("Illinois law follows a strict 'four corners' approach and does not allow extrinsic evidence to establish an ambiguity in an integrated contract.") (internal citation omitted); *Genzyme Corp. v. Discount Drugs Wisconsin, Inc.*, No. 08-C 5151, 2010 WL 744275, at *5 (N.D. Ill. Feb. 26, 2010) ("Under Illinois law, courts finding an explicitly integrated, facially clear, written contract do not consider extrinsic evidence -- and the language of the contract binds the parties.") (internal quotation marks and citation omitted).

[7] Freescale makes the additional argument that in its opposition to the first summary judgment motion, ChipMOS asserted that the agreement was not ambiguous on its face and that no extrinsic evidence was required in order to construe it. Freescale argues that ChipMOS may not "invite" the Court to interpret the Agreement on its face and then later seek reconsideration because the interpretation is adverse. Howvever, although it was required to take a position in opposition to Freescale's motion for summary judgment, and it did so, ChipMOS made clear in its Rule 56(f) motion that it wanted additional time to conduct discovery on the issue of contract interpretation. Accordingly, this argument is not persuasive.

United States District Court
For the Northern District of California

After reviewing its September 2011 Order, the applicable case law, and the record evidence, the Court concludes that ChipMOS's argument is well-taken. The governing authority is *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969). *Zenith* holds that a patentee may not use the leverage of its patent to obtain royalties on products that do not use the teaching of the patent. *Id*. at 135. However, the case also recognizes that a situation might arise in which "the licensee as well as the patentee would find it more convenient and efficient from several standpoints to base royalties on total sales than to face the burden of figuring royalties based on actual use." *Id*. at 138. "If convenience of the parties rather than patent power dictates the total-sales royalty provision, there are no misuse of the patents and no forbidden conditions attached to the license." *Id.* This Court's task on summary judgment was to determine whether ChipMOS had presented evidence sufficient to create a triable issue of material fact as to whether Freescale had misused its patent power in order to coerce ChipMOS into agreeing to a total-sales royalty provision. In concluding that ChipMOS had not done so, the Court focused upon the absence of evidence that ChipMOS or other assembly houses attempted to negotiate the total-sales royalty provision. The Court did not give sufficient consideration to ChipMOS's evidence that as a matter of company policy Freescale simply did not negotiate material aspects of its standard immunity agreement. Upon further review of the record, including in particular the deposition testimony of Freescale's 30(b)(6) witnesses and documentary evidence of Freescale's refusal to negotiate other material terms of its standard agreement,[8] the Court concludes that if all inferences are drawn in ChipMOS's favor a reasonable trier of fact could find for ChipMOS on the issue of conditioning. Accordingly, the Court will grant reconsideration as to this aspect of its September 2011 Order.

ChipMOS also claims that the Court erred in concluding that it waived its defense of patent exhaustion by failing to raise it in response to Freescale's first motion for summary judgment, s*ee* September 2011 Order at 5, and in failing to address its affirmative defenses based on license and mutual mistake. The Court now clarifies that its determination with respect to waiver was intended to apply to these affirmative defenses, and that reference to the defenses was omitted from the order

---

[8] The relevant deposition excerpts and documents are identified in ChipMOS's motion for reconsideration at pp. 19-21.

6

Case No. 5:09-cv-03689-JF
ORDER GRANTING IN PART CHIPMOS'S MOTION FOR RECONSIDERATION

1  inadvertently.  In making its ruling, the Court relied upon *Pandrol USA, LP v. Airboss Ry. Products,
2  Inc.*, 320 F.3d 1354 (Fed. Cir. 2003).  In that case, the circuit court held that when the plaintiffs
3  moved for summary judgment of infringement, "they implicitly asserted ownership of the patent,
4  which is a necessary prerequisite to winning a judgment of infringement." *Id*. at 1367.  Despite the
5  fact that the plaintiffs did not raise the issue of ownership expressly, the court concluded that in
6  opposing the motion for summary judgment, "it was incumbent upon the defendants to raise the
7  issue of lack of patent ownership." *Id*.  Because the defendants failed to do so, the court held that
8  they had waived the defense of lack of ownership.  *Id*.

9  Here, Freescale's first motion for summary judgment sought an adjudication that ChipMOS
10 breached the Agreement by failing to pay royalties on sales of its FBGA packages. *See* Dkt. Entry
11 42, Mot. for SJ at 13.  That motion directly implicated ChipMOS's defenses of patent exhaustion,
12 license, and mutual mistake.  Accordingly, under *Pandrol*, it was incumbent upon ChipMOS to
13 argue those defenses in opposition to Freescale's motion.  Having determined that ChipMOS failed
14 to do so, the Court concluded that the defenses were waived.  ChipMOS requests that the Court
15 reconsider this ruling, arguing that in fact it did raise its defenses in opposition to Freescale's first
16 motion for summary judgment.  This is not precisely accurate, as ChipMOS's reference to its license
17 and mutual mistake defenses was limited to a description of the operative pleadings in the
18 background section of its opposition to Freescale's summary judgment motion. *See* Dkt. Entry 51,
19 Opp. at 4 ("ChipMOS answered the complaint and asserted affirmative defenses of, inter alia,
20 failure to state a claim, plaintiff's breach, anticipatory breach, mutual mistake, lack of consideration,
21 license and patent exhaustion.").  While ChipMOS did reference its exhaustion defense in the body
22 of its brief, it did not discuss the merits of the defense in any meaningful way. *See id.* at 17-18.

23 The Court nonetheless has reconsidered its waiver determination after reviewing the record
24 as a whole.  ChipMOS's opposition to Freescale's first motion for summary judgment must be
25 viewed in the context of its concurrent motion for a continuance under Rule 56(f).  ChipMOS
26 observes correctly that it was not in a position to offer substantive argument with respect to its
27 defenses because Freescale filed its first summary judgment motion before relevant discovery had
28 been produced.  The Court acknowledges that its order granting ChipMOS's motion for a

7

Case No. 5:09-cv-03689-JF
ORDER GRANTING IN PART CHIPMOS'S MOTION FOR RECONSIDERATION

continuance was not a model of clarity, as it did not address expressly ChipMOS's defenses to Freescale's contract action. *See* August 2010 Order at 17 (denying the motion for summary judgment without prejudice "with respect to ChipMOS's counterclaim for patent misuse and Freescale's claim for breach of contract"). Accordingly, reconsideration of the September 2011 Order will be granted to the extent that the order holds or implies that ChipMOS's defenses of patent exhaustion, license, and mutual mistake are waived. The Court expresses no opinion as to the applicability or merits of any of these defenses.

For the reasons discussed above, reconsideration of its September 2011 Order is granted in part to reflect that triable issues of material fact exist as to whether ChipMOS breached the Agreement by failing to pay Freescale royalties on sales of its FBGA packages and that ChipMOS's affirmative defenses of patent exhaustion, license, and mutual mistake have not been waived. The Court notes that the parties presented substantive arguments with respect to these defenses that were not addressed as a result of the Court's initial ruling on the parties' cross-motions. The Court has considered whether it might be able to offer additional substantive rulings in the context of the present motion. However, the issues presented are somewhat complex, and the Court's notes from the hearing reflect that the parties' oral argument did not focus at all on ChipMOS's defenses of license and mutual mistake. Accordingly, the Court is of the opinion that the better course would be to clarify the scope of the case going forward without prejudice to the filing of future, focused motions addressing ChipMOS's affirmative defenses of patent exhaustion, license, and mutual mistake. The Court is not inclined to entertain future dispositive motions with respect to patent misuse in light of its conclusion that there are triable issues of material fact as to that counterclaim/defense.

## IV. ORDER

Good cause therefor appearing,

The motion for reconsideration is GRANTED IN PART AND DENIED IN PART as follows:

(1) the motion is DENIED with respect to the August 2010 Order;

(2) the motion is GRANTED with respect to the September 2011 Order as set forth above.

8
Case No. 5:09-cv-03689-JF
ORDER GRANTING IN PART CHIPMOS'S MOTION FOR RECONSIDERATION

Because the undersigned judge has undertaken a long-term assignment outside the district, the Clerk of Court is directed to reassign this action for any further proceedings.

DATED: March 30, 2012

_____
JEREMY FOGEL
United States District Judge