UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREESCALE SEMICONDUCTOR, INC., ) | Case No.: 5:09-CV-03689-EJD |
| ) | |
| Plaintiff, ) | **ORDER GRANTING PLAINTIFF'S** |
| ) | **RENEWED MOTION FOR** |
| v. ) | **SUMMARY JUDGMENT;** |
| ) | **GRANTING PLAINTIFF'S** |
| CHIPMOS TECHNOLOGIES, ) | **RENEWED MOTION TO STRIKE** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | **[Re: Docket No. 183, 186]** |

The above-entitled suit is a contract and patent dispute between Plaintiff Freescale Semiconductor, Inc. ("Plaintiff" or "Freescale") and Defendant ChipMOS Technologies, Inc. ("Defendant" or "ChipMOS"). Presently before the Court are two motions filed by Plaintiff: Plaintiff's Renewed Motion for Summary Judgment (Docket Item No. 183) and Plaintiff's Renewed Motion to Strike (Docket Item No. 186). Having carefully considered the moving, opposing, and reply papers for both motions as well as the arguments of counsel from the hearing on these matters, the Court grants both motions.

1

Case No.: 5:09-CV-03689-EJD
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT;
GRANTING PLAINTIFF'S RENEWED MOTION TO STRIKE

I. Background

   A. Factual Background

   The Court will refer to a previous order by District Court Judge Jeremy Fogel to provide a summary of the undisputed facts of this case:

[redacted]

Freescale Semiconductor, Inc. v. ChipMOS Techns., Inc., No. 09-3689-JF, at 2–3 (N.D. Cal. Aug. 3, 2010) (hereinafter "Aug. 3, 2010 Order") (granting in part and denying in part Freescale's Motion for Partial Summary Judgment (Docket Item No. 43); granting in part and denying in part ChipMOS's Motion for a Continuance (Docket Item No. 58); and granting ChipMOS's Motion to File Supplemental Declaration (Docket Item No. 58)). In addition, relevant to the current motion is

[redacted]

Case No.: 5:09-CV-03689-EJD
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S RENEWED MOTION TO STRIKE

the fact that on June 9, 2005, Plaintiff and Micron Technology, Inc. ("Micron") entered into a patent agreement (hereinafter "Micron Agreement") ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See Decl. of Greg L. Lippetz in Supp. of Pl.'s Renewed Mot. for Summ. J. Ex. 2.

### B. Procedural History

On July 13, 2009, Plaintiff filed a Complaint for Breach of Contract against Defendant in Santa Clara County Superior Court. See Notice of Removal, Docket Item No. 1, Ex. A. On August 12, 2009, Defendant removed the action to this Court on the basis that this Court has original jurisdiction under 28 U.S.C § 1332 based on diversity of the citizenship of the parties.[2]

On August 19, 2009, Defendant filed an Answer to Complaint with Jury Demand and Counterclaims. See Docket Item No. 5. This pleading contained eleven affirmative defenses; the affirmative defenses relevant to the present motions include the following: mutual mistake, license, and patent exhaustion. Id. ¶¶ 36, 40, 41. Defendant also alleged the following counterclaims: declaratory judgment of non-infringement and invalidity of three of the Motorola patents that were subject to the ChipMOS Agreement; patent misuse; and breach of the ChipMOS Agreement. Id. The Answer also included a demand for a trial by jury. Id. at 17. On May 6, 2010, Plaintiff filed its Answer to Defendant's Counterclaims. See Docket Item No. 40.

On August 3, 2010, this Court issued an order in response to a summary judgment motion filed by Plaintiff. See Aug. 3, 2010 Order. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Plaintiff is an entity incorporated in the State of Delaware with its principal place of business in the State of Texas; Defendant is a Taiwanese corporation with its principal place of business in Taiwan. Notice of Removal ¶ 4. The amount in controversy exceeds $75,000 because Plaintiff alleged that Defendant owes Plaintiff $642,007. Id. ¶ 3.

3
Case No.: 5:09-CV-03689-EJD
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT;
GRANTING PLAINTIFF'S RENEWED MOTION TO STRIKE

On September 8, 2011, this Court granted Plaintiff's Motion for Partial Summary Judgment. Freescale Semiconductor, Inc. v. ChipMOS Techns., Inc., No. 09-3689-JF, 2011 WL 4014466 (N.D. Cal. Sept. 8, 2011) (hereinafter "Sept. 8, 2011 Order"), Docket Item No. 146. In this Order, the Court concluded that Defendant failed to demonstrate the existence of a triable issue of material fact as to any of its contract defenses and granted summary judgment in favor of Plaintiff with regard to Plaintiff's claim for breach of the ChipMOS Agreement. Id. However, on March 30, 2012, the Court granted in part Defendant's Motion for Reconsideration of the Sept. 8, 2011 Order. Freescale Semiconductor, Inc. v. ChipMOS Techns., Inc., No. 09-3689-JF, 2012 WL 1094644 (N.D. Cal. Mar. 30, 2012) (hereinafter Mar. 30, 2012 Order"), Docket Item No. 175. The Court granted reconsideration of the Sept. 8, 2011 Order to reflect that "triable issues of material fact exist as to whether [Defendant] breached the [ChipMOS] Agreement by failing to pay [Plaintiff] royalties on sales of its FBGA packages and that [Defendant's] affirmative defenses of patent exhaustion, license, and mutual mistake have not been waived." Id. at *5. The Court also noted the following:

> the Court is of the opinion that the better course would be to clarify the scope of the case going forward without prejudice to the filing of future, focused motions addressing [Defendant's] affirmative defenses of patent exhaustion, license, and mutual mistake. The Court is not inclined to entertain future dispositive motions with respect to patent misuse in light of its conclusion that there are triable issues of material fact as to that counterclaim/defense.

Id. at *5. On April 2, 2012, this case was reassigned to Judge Edward J. Davila. See Docket Item No. 177.

Plaintiff filed the two motions presently before the Court on July 27, 2012. In its Renewed Motion for Summary Judgment, Plaintiff seeks the granting of summary judgment with regard to Defendant's affirmative defenses of license, patent exhaustion, and mutual mistake. See Docket Item No. 183. In its Renewed Motion to Strike, Plaintiff moves the Court to strike Defendant's demand for a jury to decide Defendant's counterclaim of patent misuse as well as its affirmative

4
Case No.: 5:09-CV-03689-EJD
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT;
GRANTING PLAINTIFF'S RENEWED MOTION TO STRIKE

defenses of license, patent exhaustion, and mutual mistake. See Docket Item No. 186. The Court will address each motion in turn.

**II. Renewed Motion for Summary Judgment**

    **A. Standard of Review**

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324. The court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324. However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see also Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986); Barlow v. Ground, 943 F.2d 1132, 1134–36 (9th Cir. 1991). Conversely, summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an

5
Case No.: 5:09-CV-03689-EJD
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT;
GRANTING PLAINTIFF'S RENEWED MOTION TO STRIKE

element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### B. Discussion

#### 1. Patent Exhaustion and License Defenses

Under the doctrine of patent exhaustion, "when a patented device has been lawfully sold in the United States, subsequent purchasers inherit the same immunity under the doctrine of patent exhaustion." Jazz Photo Corp. v. Int'l Trade Comm'n, 264 F.3d 1094, 1105 (Fed. Cir. 2001); see also Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir.1993) ("The law is well settled that an authorized sale of a patented product places that product beyond the reach of the patent."). As such, the exhaustion of a patent depends on "whether or not there has been such a disposition of the article that it may fairly be said that the patentee has received his reward for the use of the article." United States v. Masonite Corp., 316 U.S. 265, 278 (1942). Similarly, the defenses of license requires a showing of "[a]ny language used by the owner of the patent, or any conduct on his part exhibited to another from which that other may properly infer that the owner consents to his use of the patent in making or using it, or selling it . . ." Barnes & Noble. Inc. v. LSI Corp., 849 F. Supp. 2d 925, 943 (N.D. Cal. 2012) (quoting De Forest Radio Tel. Co. v. United States, 273 U.S. 236, 241 (1927)); see also Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc., 103 F.3d 1571, 1580–82 (Fed. Cir.1997) ("[I]mplied licenses arise by acquiescence, by conduct, by equitable estoppel (estoppel in pais), or by legal estoppel.").

These defenses apply to so-called "have-made" rights: "[B]y exercising their rights to 'have [licensed products] made,' licensees can shield the unlicensed manufacturer who makes the products for them and subsequently sells the products to them from infringement liability by impliedly licensing the otherwise infringing actions." Intel Corp. v. Broadcom Corp., 173 F. Supp. 2d 201, 232 (D. Del. 2001). This notion is derived from the rule that "[t]he right to 'make, use, and sell' a product inherently includes the right to have it made by a third party, absent a clear

6
Case No.: 5:09-CV-03689-EJD
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT;
GRANTING PLAINTIFF'S RENEWED MOTION TO STRIKE

1  indication of intent to the contrary." CoreBrace LLC v. Star Seismic LLC, 566 F.3d 1069, 1072–73
2  (Fed. Cir. 2009).
3      Like with all patent-based affirmative defenses, the burden of proving patent exhaustion or
4  license rests on the party that raises the defense. See Jazz Photo Corp., 264 F.3d at 1102. In this
5  case, therefore, to support its affirmative defenses of patent exhaustion and license, Defendant has
6  the burden of proving that Plaintiff's patent had been exhausted or that Defendant had an implied
7  license by showing that Plaintiff has already received compensation under the same patent rights of
8  the same product or by some other means. Id.; Wang Labs, Inc., 103 F.3d at 1580–82.
9      Defendant bases its defenses of patent exhaustion and license on the Micron Agreement.
10 Under this Agreement, ███████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████ This
21 line of reasoning is the foundation of Defendant's patent exhaustion and license defenses:
22 Defendant argues that the patent-exhaustion and implied license doctrine shields Defendant from
23 liability for assembling products covered by the Micron Agreement. Id.
24     In support of its Renewed Motion for Summary Judgment, Plaintiff first argues that █
25 ████████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████████
27
28

1 ██████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████████

5 █

6       The Court agrees with Plaintiff that Defendant as not met its burden of proving these

7 defenses. The reasoning follows Plaintiff's first argument, ████████████████████████

8 ██████████████████████████████████████████████████████████

9 ██████████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████████

11 █████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ██████████████████████████████████████████████████████████

14 ██████████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████████

18 ██████████████████████████████████████████████████████████

19 █████████████████████████████████████████████████████

20 ██████████████████████████████████████████████████████

21 ██████████████████████████████████████

22       Accordingly, the Court grants Plaintiff's Renewed Motion for Summary Judgment with

23 regard to Defendant's patent exhaustion and license defenses.

United States District Court
For the Northern District of California

### 2. Mutual Mistake Defense

Under Illinois law, which governs the interpretation of the ChipMOS Agreement, a contract may be rescinded due to a mutual mistake of fact. Gunthorp v. Golan, 184 Ill.2d 432, 439–40 (1998). This doctrine is limited to cases in which both contracting parties made a mistake and "were reasonable in their inconsistent interpretations." Praxair, Inc. v. Hinshaw & Culbertson, 235 F.3d 1028, 1034 (7th Cir. 2000). Unilateral misinterpretation of contractual terms does not justify or warrant rescission. Id. "To invalidate a contract because of mutual mistake, a party must show by clear and convincing evidence that a mistake has been made by both parties relating to a material feature of the contract." Village of Oak Park v. Schwedtner, 288 Ill. App. 3d 716, 718 (1997).

Defendant's support for its mutual mistake defense is its assertion that it did not understand the ChipMOS Agreement to contain a total-sales royalty term. Def.'s Opp'n to Pl.'s Renewed Mot. for Summ. J. 8. The Court disagrees. First, the Court notes that it has already found that "the language of the instant Agreement is unambiguous, and the only reasonable interpretation of the Agreement is that it requires a total-sales royalty." Aug. 3, 2010 Order, at 10. Secondly, and notwithstanding whether Defendant was actually mistaken about the total-sales royalty term, Defendant has not presented sufficient evidence to show that Plaintiff or Plaintiff's predecessor—Motorola, the party that initially entered into the Agreement—was also mistaken about that term. As such, Defendant has not been able to establish that the purported mistake about the contractual term was mutual. Accordingly, the Court grants Plaintiff's Renewed Motion for Summary Judgment with regard to Defendant's mutual mistake defense.

### III. Motion to Strike

The Court now turns to Plaintiff's Renewed Motion to Strike Defendant's jury demand. As an initial matter, the Court notes that since it has granted Plaintiff's Renewed Motion for Summary Judgment with regard to Defendant's affirmative defenses of license, patent exhaustion, and mutual

mistake, Plaintiff's argument that Defendant is not entitled a jury to hear those defenses has been rendered moot. Accordingly, the Court will only address Plaintiff's Motion to Strike with regard to the issue of whether Defendant is entitled a jury on its patent misuse counterclaim.

When a jury trial has been demanded under Rule 38 "[t]he trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. Proc. 39(a)(2). The Seventh Amendment provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. Amend. VII. In determining whether a right to jury trial on a cause of action exists, a court looks to: (1) "the nature of the right" and (2) whether the remedies provided "are legal or equitable in nature." Spinelli v. Gaughan, 12 F.3d 853, 855 (9th Cir. 1993), citing Tull v. United States, 481 U.S. 412, 417 (1987). It is well recognized that the second prong of the test is more important than the first. Spinelli, 12 F.3d at 855–56; see also Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989). Where the only requested relief is equitable, there is no right to a jury trial. See, e.g., In re Tech. Licensing Corp., 423 F.3d 1286, 1289–90 (Fed. Cir. 2005); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 648 (7th Cir. 2002). Similarly, "[a] litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature." Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1027 (9th Cir. 1996).

The Court agrees with Plaintiff that Defendant is not entitled to a jury trial on its patent misuse counterclaim. Patent misuse arises from the equitable doctrine of unclean hands and is considered to be an equitable defense and claim. C.R. Bard, Inc. v. M3 Sys., Inc., 157 F.3d 1340, 1372; Qualcomm Inc. v. Broadcomm Corp., 548 F.3d 1004, 1025 (Fed. Cir. 2008). This is not a notion disputed by Defendant. See Def.'s Opp'n to Pl.'s Mot. to Strike 9 (characterizing this counterclaim as an "equitable counterclaim of patent misuse"). As such, patent misuse, whether raised as a defense or a counterclaim, does not entitle Defendant to a jury trial. See Inland Steel

10
Case No.: 5:09-CV-03689-EJD
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT;
GRANTING PLAINTIFF'S RENEWED MOTION TO STRIKE

Prods. Co. v. MPH Mfg. Corp., 25 F.R.D. 238, 247 (N.D. Ill. 1959) ("[P]atent misuse claims are not triable of right by jury."). Accordingly, the Court grants Plaintiff's Renewed Motion to Strike.

### IV. Conclusion and Order

For the aforementioned reasons, Plaintiff's Renewed Motion for Summary Judgment is GRANTED, and Plaintiff's Motion to Strike Defendant's Jury Demand is GRANTED.

**IT IS SO ORDERED.**

Dated: January 24, 2013



EDWARD J. DAVILA
United States District Judge

11

Case No.: 5:09-CV-03689-EJD
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT;
GRANTING PLAINTIFF'S RENEWED MOTION TO STRIKE